IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| XITRONIX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KLA-TENCOR CORPORATION,<br>Individually and d/b/a KLA-TENCOR, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§  Case No. A-14-CA-1113-SS<br>§<br>§  Demand for Jury Trial<br>§<br>§<br>§<br>§ |

## **SCHEDULING ORDER**

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by **October 30, 2015.**

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **September 30, 2015,** and each opposing party shall respond, in writing, by **October 15, 2015.** All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial.

3. Each party shall complete and file the "Notice Concerning Reference to United States Magistrate Judge" on or before **October 16, 2015**.

4. The parties shall file all amended or supplemental pleadings and shall join additional parties by **January 15, 2016.**

5. Any party asserting claims for affirmative relief shall disclose its designation of potential witnesses, testifying experts, and proposed exhibits by serving, not filing, the designation on all parties by **May 6, 2016.** Any party resisting claims for relief shall disclose its potential witnesses, testifying experts, and proposed exhibits, and shall serve, not file, the disclosure on all parties by **June 3, 2016**. All designations of rebuttal experts shall be served, not filed, within **15 days** of receipt of the report of the opposing expert.

   Any witness who will present any opinion in trial is considered an expert, and the disclosure must contain a written summary of the witness's testimony in an expert report. The Fed. R. Civ. P. 26 standard is not applicable to this paragraph; it does not make any difference whether or not the expert witness is a "retained expert," as any opinion or testimony of any expert not contained in the expert report will not be permitted at trial.

6. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **eleven (11) days** of receipt of the written report of the expert's proposed testimony or within **eleven (11) days** of the expert's deposition, if a deposition is taken, whichever is later.

7. The parties shall complete all discovery on or before **July 15, 2016.** Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

8. All dispositive motions shall be filed no later than **August 12, 2016** and shall be limited to twenty (20) pages**.** Responses to dispositive motions shall be filed not later than fourteen (14) days after the filing of the motion and shall be limited to twenty (20) pages.

      A reply in support of a dispositive motion shall be filed not later than seven (7) days after the filing of the response to the motion and shall be limited to five (5) pages, but the Court need not wait for the reply before ruling on the motion.

9. This case is set for docket call [_____] at 11:00 a.m. and trial in the month of [_____]. At docket call, the parties shall submit a short, one paragraph statement of the parties' contentions, voir dire questions, proposed jury instructions and verdict forms, exhibit and witness lists, and any motions in limine.

SIGNED this the _____ day of _____.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

/s/ *Steve Hershberger*  
Attorney for Plaintiff  
Xitronix Corporation

/s/ *John M. Guaragna*  
Attorney for Defendant  
KLA-Tencor Corporation